Opinion issued August 31, 2005











In The
Court of Appeals
For The
First District of Texas



 
NOS. 01-04-00635-CR
01-04-00636-CR
01-04-00637-CR




THE STATE OF TEXAS, Appellant

V.

MATTHEW THOMAS GARRETT, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause Nos. 42,960, 42,961, 42,962




O P I N I O N
          A Brazoria County Grand Jury indicted appellee, Matthew Thomas Garrett, for
the three separate offenses of possession, with intent to deliver, of stanozolol
(between 28 and 200 grams),


 cocaine (between 4 and 200 grams),


 and
methylenedioxymethamphetamine (less than one gram).


 See Tex. Health &
Safety Code Ann. §§ 481.114(c), 481.112(d), 481.113(b) (Vernon 2003). The State
appeals from the trial court’s interlocutory order granting in part appellee’s motion
to suppress. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2004-2005). We reverse the order of the trial court and remand the cause with instructions
for the trial court to enter an order denying that portion of the suppression motion that
it previously granted.Facts
          State Trooper Blaine Chesser stopped appellee for speeding and mud flap
violations. Trooper Chesser observed additional vehicle violations after the stop,
including improper headlamp height, improper clearance lamps, and a window-tint
violation. Trooper Chesser was unable successfully to show or to explain the
windshield violations to appellee from the ground because of the truck’s height. 
Stepping up on the truck, Trooper Chesser opened the driver’s door to show appellee
the violations. When Trooper Chesser opened the door, he saw a bottle of Crown
Royal that appeared open in plain view on the back floorboard. After having
retrieved the Crown Royal bottle, Trooper Chesser asked appellee if there were any
“illegal substances” such as “illegal knives, guns, or narcotics” in the truck. Appellee
replied, “No.” Trooper Chesser then asked if he could search the truck for any other
“illegal contraband,” and appellee said, “Yes.” Trooper Chesser again asked
appellee, “So you are telling me, yes, I can search your vehicle,” and appellee again
answered affirmatively. During the post-consent search of the truck, Trooper Chesser
found marihuana seeds, stems, and residue scattered throughout the truck and a vial
containing a white residue on the back seat. Appellee never withdrew his consent “at
any time” during the search of the truck.
          Narcotics agent Officer Glenda Mendoza passed by the scene of the search and
stopped. Trooper Chesser testified that Officer Mendoza informed him that, in the
recent past, she had received a Crime Stoppers tip that appellee was carrying large
amounts of narcotics in one of his truck’s door panels. Officer Mendoza tested the
vial found in the truck for cocaine using a wintergreen field test. Trooper Chesser
arrested appellee after the vial’s residue tested positive for cocaine. The officers
called a drug dog to the scene to search the truck. Trooper Chesser testified that the
dog positively alerted for narcotics. After the dog had alerted, the truck was driven
to the Sheriff’s Department. After a search warrant was obtained, the truck’s door
panels were searched. Trooper Chesser testified that 11.51 grams of cocaine were
found in the driver’s side door panel. The inventory of the items from inside the door
panel listed nine balls of cocaine (11.61 grams), three ecstasy pills (0.83 grams), two
sacks of clomiphene citrate pills (7.79 grams), one bottle of liquid steroids
(stanozolol: 100 milligrams, net 30 milliliters), and two baggies of powder cocaine
(1.92 and 0.5 grams).
          Appellee filed a motion to suppress all evidence and statements obtained from
the initial vehicle stop through the final search of the truck, alleging that the
detention, arrest, searches, and seizures were illegal. The trial court partially denied
appellee’s motion, reciting in the order that appellee had been legally detained by the
law enforcement officers with sufficient cause to stop, to detain, and to search the
truck at the time of the stop and that the evidence seized during the initial search was
legally obtained. However, the trial court also partially granted appellee’s motion,
reciting in the order that the search warrant that was eventually obtained was an
evidentiary search warrant that did not explicitly list the five items seized from the
truck’s door panel. Additionally, the court’s order stated that the items seized from
the door panel were not in plain view. For these reasons, the court concluded that the
items seized subsequent to the search warrant had been illegally obtained and
consequently suppressed the evidence seized from the truck doors pursuant to article
18.02(10) of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art.
18.02(10) (Vernon 2005). The trial court’s order did not mention the events
occurring between the arrest and the warrant, which would have included testimony
concerning the Crime Stoppers tip and the dog-sniff alert. The State did not request
any findings of fact or conclusions of law, and the trial court did not file any.
Suppression of the Evidence
          In one point of error, the State contends that the trial court erred in partially
granting appellee’s motion to suppress because (1) a search warrant was not
necessary to search the truck, rendering any defects or omissions in the warrant
irrelevant; (2) the warrant was not necessarily an evidentiary search warrant, so that
items other than those listed in the warrant could be seized; and (3) the plain-view
doctrine applied to evidentiary search warrants, so that, even if the warrant was
evidentiary, officers could seize any contraband in plain view once the panels were
removed.
A       Standard of Review
          A trial court’s ruling on a motion to suppress lies within its discretion. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). A trial court abuses
its discretion if it refuses to suppress evidence that is obtained in violation of the law
and that is, therefore, inadmissible under article 38.23 of the Code of Criminal
Procedure. Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993).
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to a trial court’s determination of
historical facts, while we conduct a de novo review of a trial court’s application of the
law to those facts. Id. (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997)). During a motion-to-suppress hearing, a trial court is the sole trier of fact;
accordingly, the trial court may choose to believe or to disbelieve all or any part of
a witness’s testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000); see also King v. State, 35 S.W.3d 740, 742 (Tex. App.—Houston [1st Dist.]
2000, no pet.).
          In reviewing a suppression ruling in a case in which the trial court does not file
fact findings, “we view the evidence in the light most favorable to the trial court’s
ruling and assume that the trial court made implicit findings of fact that support its
ruling as long as those findings are supported by the record.” Ross, 32 S.W.3d at 855;
see King, 35 S.W.3d at 742. In the absence of fact findings and legal conclusions, if
the trial court’s suppression ruling “is correct on any theory of law applicable to the
case, the decision will be sustained.” Ross, 32 S.W.3d at 855-56. 
 
          The State contends that the issue on appeal does not turn in any way on the
credibility of the witnesses, but, rather, on the classification of the search warrant and
property seized. The State argues that we must, therefore, review the trial court’s
ruling entirely de novo. Appellee responds that the complained-of suppression ruling
is supported by the theory that the trial court disbelieved the officers’ testimony, in
whole or in part. Consequently, appellee argues that the issue on appeal turns on
witness credibility and that we must, therefore, review the trial court’s ruling with
“almost total deference.” See Guzman, 955 S.W.2d at 89. In support of his position,
appellee asks this Court to view every historical fact as if the trial court had granted
the entire motion to suppress.
          We do not agree entirely with either party: the State incorrectly assumes that
no determinations of historical fact could be relevant to that portion of the trial
court’s ruling granting appellee’s motion, while appellee incorrectly assumes that all
implied historical facts must be construed against the State’s position on appeal. 
Because the trial court made a Solomonic ruling on the motion to suppress, however,
we must view each aspect of the ruling individually. That is, we must view the
evidence leading up to appellee’s arrest in the light most favorable to the denial of
that portion of the suppression motion (i.e., in a light that happens to be favorable to
the State’s position on appeal), while we must view the evidence from the arrest
forward in favor of the granting of that latter portion of the suppression motion (i.e.,
in a light that happens to be favorable to appellee’s position on appeal). 
B.      The Law
        On a motion to suppress, the accused bears the burden of rebutting the
presumption that police conduct was proper. McGee v. State, 105 S.W.3d 609, 613
(Tex. Crim. App. 2003). The accused satisfies the burden by showing that the search
or seizure occurred without a warrant. Id. The burden of proof then shifts to the
State to produce a warrant or to prove the reasonableness of the disputed conduct. 
Id. If the State produces a warrant, the burden of proof returns to the accused to show
that the warrant was invalid. Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App.
1986). 
          If the State conducted a warrantless search, the State must prove that the
warrantless search or seizure was reasonable. Id. “Pursuant to the Fourth
Amendment, a warrantless search of either a person or property is considered per se
unreasonable subject to a ‘few specifically defined and well established exceptions.’ 
The Supreme Court has held that voluntary consent to search, search under exigent
circumstances, and search incident to arrest are among these exceptions.” McGee,
105 S.W.3d at 615 (quoting Minnesota v. Dickerson, 508 U.S. 366, 372, 113 S. Ct.
2130, 2135 (1993)). Furthermore, the Supreme Court has found that, “if a car is
readily mobile and probable cause exists to believe it contains contraband, the Fourth
Amendment thus permits police to search the vehicle without more.” Pennsylvania
v. Labron, 518 U.S. 938, 940, 116 S. Ct. 2485, 2487 (1996). Put simply, the State
may show a warrantless search’s or seizure’s reasonableness by showing that a well-recognized exception to the warrant requirement was met. See McGee, 105 S.W. 3d
at 613. 
          “An invalid search warrant does not preclude inquiry into whether or not the
search could have been upheld under a warrant exception.” Powell v. State, 898
S.W.2d 821, 827 (Tex. Crim. App. 1994) (considering automobile warrant
exception).


 When a warrant that is procured is defective, “the search should be
treated as one proceeding without a warrant and the facts of the case should be
reviewed to determine whether the search can be upheld under a warrant exception.” 
Adkins v. State, 717 S.W.2d 363, 365-66 (Tex. Crim. App. 1986). “[T]he question
of whether a search is reasonable under the Fourth Amendment is not calculable
under a per se rule but should be decided on a case by case basis. The facts of a
particular case either excuse or proscribe the actions of the officers involved. The
fact that the procurement of a warrant was attempted does not insulate those facts
from review.” Id. at 366 (citations omitted).
C.      Consent
          The State argues that appellee voluntarily consented to a search of his truck for
illegal contraband, making any defect or omission in the later obtained warrant
irrelevant, so that the search of the truck’s door panel and the seizure of contraband
from it was legal. One of the established exceptions to both the requirements of a
warrant and probable cause is a search conducted pursuant to consent. Corea v. State,
52 S.W.3d 311, 315-16 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d) (citing
Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44 (1973)). 
“The standard for measuring the scope of a suspect’s consent under the Fourth
Amendment is that of ‘objective’ reasonableness, i.e., what the typical reasonable
person would have understood by the exchange between the officer and the suspect.” 
Simpson v. State, 29 S.W.3d 324, 330 (Tex. App.—Houston [14th Dist.] 2000, pet.
ref’d); see Florida v. Jimeno, 500 U.S. 248, 250-51, 111 S. Ct. 1801, 1803-04 (1991). 
The scope of a search is generally defined by its expressed object, and a suspect may
limit the scope of the search to which he consents. Simpson, 29 S.W.3d at 330; see
Jimeno, 500 U.S. at 251, 111 S. Ct. at 1804.
          Absent an officer’s request or a suspect’s consent limiting a search to a
particular area of a vehicle, such as the trunk or passenger compartment, a request to
search “the car” reasonably includes all areas of the vehicle and excludes none. 
Simpson, 29 S.W.3d at 330. When an officer specifically asks a suspect if he can
search a vehicle for illegal contraband, and the suspect answers affirmatively, a
reasonable person would construe the consent to extend to any area of the vehicle in
which such objects could be concealed. Id.
           Because the trial court denied appellee’s motion to suppress the evidence
obtained pursuant to the initial search—which, according to Trooper Chesser’s
testimony, occurred immediately after appellee consented to that initial search—we
infer that the trial court believed that appellee in fact consented to a search of the
truck for “illegal contraband.” Nothing in the evidence relevant to consent, when
viewed in the appropriate light, indicates that appellee limited his consent to a
particular area of his truck. Because illegal contraband could have been concealed
inside the door panels of appellee’s truck, a reasonable officer would have construed
appellee’s consent to extend to that area. See Simpson, 29 S.W.3d at 330; see also
Jimeno, 500 U.S. at 251, 111 S. Ct. at 1804. It would also be reasonable to construe
appellee’s consent, which nothing shows was revoked, as extending to the search of
the truck following its removal to the sheriff’s department after appellee, who had
been driving alone, was arrested for the discovery of the marihuana remnants and
drug paraphernalia that the court found had been legally seized.


 See Delgado v.
State, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986) (“One of the instances in which
an automobile may be validly impounded . . . is where the driver is removed from his
automobile and placed under custodial arrest and no other alternatives are available
other than impoundment to insure the protection of the vehicle.”); see also Estrada
v. State, 30 S.W.3d 599, 605 (Tex. App.—Austin 2000, pet. ref’d) (in holding that
search of car door and seizure of cocaine from within was legal, stating, “Because the
search at the [service] station was a continuation of the search begun beside the
highway, to which appellant gave his voluntary and unrevoked consent, the question
of probable cause is again irrelevant.”); Fields v. State, 932 S.W.2d 97, 105 (Tex.
App.—Tyler 1996, pet. ref’d) (holding that search of car at sheriff’s office was valid
because defendant and passenger consented without limitation at side of highway and
because neither objected to car’s movement to other location to conduct search due
to inclement weather and construction in area of stop); cf. Texas v. White, 423 U.S.
67, ___, 96 S. Ct. 304, ___ (1975) (holding that probable cause to search that existed
at roadside still existed when car was transported to station house, where car was
searched, despite dissenting Justice’s contention that nothing showed that it would
have been impractical or unsafe to search car at roadside); Chambers v. Maroney, 399
U.S. 42, 52 & n.10, 90 S. Ct. 1975, 1981-82 & n.10 (1970) (holding that probable
cause to search that existed in parking lot where stop occurred still existed when car
was transported to station house for search, although noting, in dictum, that taking car
to station house was not unreasonable because of circumstances at place of stop).
          Consequently, as a matter of law, appellee’s consent obviated the need for a
search warrant to search the door panels or to seize items visible once the officers
removed the panels. See Corea, 52 S.W.3d at 315-16 (recognizing consent as warrant
exception). Any deficiencies in the warrant were thus irrelevant. See Adkins, 717
S.W.2d at 365-66. Therefore, we hold that the trial court erred in granting appellee’s
motion to suppress the contraband seized from inside the door panel. Given our
disposition, we need not reach the parties’ remaining arguments.
 
 
Conclusion
          We sustain the State’s sole point of error. We reverse the order of the trial
court and remand the cause with instructions for the trial court to enter an order
denying that portion of the suppression motion that it previously granted.
 
 

                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Alcala, and Higley.
Publish. Tex. R. App. P. 47.2(b).