Opinion issued March 8, 2006


 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00658-CR

____________


PABLO ALDERETTI VELEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 973628





 

O P I N I O N

 Appellant, Pablo Alderetti Velez, appeals a judgment that convicted him of the
offense of possession of cocaine weighing at least 400 grams with intent to deliver. 
See Tex. Health & Safety Code Ann. §§ 481.102 (Vernon Supp. 2006), 481.112 
(Vernon 2003). After his motion to suppress was denied, appellant pleaded not
guilty. The trial court found him guilty and sentenced him to 20 years in prison and
a $5,000 fine. In his sole issue on appeal, appellant contends that the trial court erred
by denying his motion to suppress because the police search of a vehicle parked on
the premises of appellant's business exceeded the scope of appellant's written
consent. The State responds that appellant lacked standing to challenge the search
of the vehicle and that the search was within the scope of appellant's consent. We
conclude that appellant has standing in this appeal, because the State expressly
stipulated to standing before the trial court. We further conclude that appellant
verbally consented to the search of the vehicle that contained the cocaine, and
therefore the trial court did not err in denying appellant's motion to suppress. We
affirm.

Background

 On January 7, 2004, a sergeant with the Narcotics Division of the Houston
Police Department set up surveillance of an auto mechanic shop owned by appellant
located at 718 1/2 West 11th Street after the police received information from a
source stating that someone who drove a black truck and owned a mechanic shop was
trafficking cocaine at that address. Appellant was observed operating a black truck
out of the mechanic shop in the course of the surveillance.

 Two days later, the officers observed appellant take an item wrapped in a
brown plastic bag to a tan van with Indiana license plates that was located inside the
chain-linked fence surrounding the mechanic shop property. The officers approached
appellant to discuss the narcotics investigation with him. The sergeant identified
himself to appellant as an officer with the Narcotics Division who was conducting an
investigation. Appellant stated that he had limited understanding of English and was
more comfortable speaking in Spanish. The sergeant, a certified Spanish-speaking
officer, conducted the subsequent discussion in Spanish.

 The sergeant asked appellant for permission to search the property. When
verbally requesting consent, the sergeant "specifically addressed the shop itself and
the vehicles that were parked outside, including the two vans." The sergeant asked
appellant to whom the vans belonged and appellant denied knowing anything about
the vans, stating that he had never touched them and didn't know who owned them.
Appellant denied any knowledge of narcotics activities, but admitted to owning the
black truck. 

 Appellant verbally consented to the search, placing no limitations on where or
what on the property could be searched. Appellant was then presented with a written
consent-to-search form in Spanish. Appellant said that he could read, looked over the
form, said that he understood it, and signed the written consent. 

 An interpreter for the district court testified that the Spanish consent to search
form signed by appellant, when translated to English, was entitled "Voluntary
Consent for Seizure" and was dated January 9, 2004, with a time of 6:45 p.m. The
consent states,

I, [appellant], have been informed by the officer of my
constitutional right not to carry out a seizure in the
establishment/vehicle without reference or mention of an
order of search and of my right to consent voluntarily to
said seizure through this I authorize . . ., police of Houston,
to conduct a complete seizure (1) of 718 ½ W. 11th and black
CC Ford truck located in Houston, County of Harris,
Texas. The officers are authorized by me to confiscate any
and all letters, papers, materials, and other property that
they wish. This consent has been delivered to the
following police freely and voluntarily and without any
threat or promise of any kind and is given freely with my
consent.The sergeant testified that the black Ford truck was specifically mentioned in the
written consent form because it was mobile and frequently left the shop during the
surveillance. Further, the sergeant explained that the tan van was not specifically
mentioned in the form because he believed that vehicles at the shop were part of the
curtilage of the property. The sergeant testified that the written consent was obtained
to substantiate the verbal consent to search previously given by the appellant.

 Appellant and the sergeant observed as other officers conducted the search. 
Officers conducting the search of the property recovered the brown bag, which
contained approximately one kilogram of cocaine, from inside the tan van that was
inside the fence surrounding appellant's business. 

 After his arrest, appellant moved to suppress the cocaine recovered from the
tan van on the grounds that the consent was "involuntary" and "not broad enough to
encompass any other vehicle not named." The State and appellant each filed
memoranda of law on the issue of whether the consent included the search of the
vehicle where the narcotics were seized. The trial court held a hearing regarding the
motion to suppress. At the hearing, the prosecuting attorney stated, "for the purposes
of this hearing and for the record, I will stipulate that the defendant does have
standing . . . ." After evidence was presented, the trial court denied the motion to
suppress. Appellant waived his right to a trial by jury. Appellant pleaded not guilty,
but agreed to a stipulation of evidence that represented that "packaged substances
recovered from my property on January 9, 2004," were cocaine weighing 998.2
grams, and that the packaged contained his fingerprint. 

Standing to Contest Search

 As a preliminary matter, the State contends on appeal that appellant lacked
standing to complain of the search of the target vehicle. The State asserts that despite
the prosecutor's stipulation to the trial court that appellant had standing, the trial
court could have properly rejected the stipulation, given the evidence presented at the
motion to suppress hearing by the sergeant, who said appellant denied ownership or
custody of the van.

 The State may challenge a defendant's standing to contest a search for the first
time on appeal. Kothe v. State, 152 S.W.3d 54, 60 (Tex. Crim. App. 2004). Here, the
State did not challenge standing before the trial court, but instead stipulated that
appellant had standing. Although the State did not challenge standing at the trial
court, we address the State's appellate challenge to standing. See id.

 The State contends that it should not be bound by its stipulation below. It
asserts that the trial court was within its discretion to conclude that appellant lacked
standing based on evidence presented at the suppression hearing. We disagree. At
trial, the State stipulated that appellant had standing to contest the police search of the
718 1/2 West 11th Street property. We conclude that the State is bound by that
stipulation. See id.; see also Bryant v. State, 187 S.W.3d 397, 400 (Tex. Crim. App.
2005) ("[A] stipulation is a kind of judicial admission. . . . Judicial admissions . . . are
formal concessions . . . or stipulations by a party or counsel that have the effect of
withdrawing a fact from issue and dispensing wholly with the need for proof of the
fact."). In accordance with the State's stipulation, we hold that appellant had standing
to contest the police search of his auto mechanic shop. See Kothe, 152 S.W.3d at 60.

Scope of Consent

 In his sole issue on appeal, appellant contends that the trial court should have
suppressed cocaine that the police recovered from a van on his property because the
police search exceeded the scope of his consent. We review a trial court's ruling on
a motion to suppress for abuse of discretion. State v. Bagby, 119 S.W.3d 446, 449
(Tex. App.--Tyler 2003, no pet.) (citing Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996) (en banc)); Curry v. State, 964 S.W.2d 32, 33 (Tex.
App.--Houston [1st Dist.] 1998, no pet.)). We apply a bifurcated standard of review
when reviewing the trial court's ruling. See Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Hernandez v. State, 957 S.W.2d 851, 852 (Tex. Crim. App.
1998). "Almost total deference" is given to a trial court's determination of facts,
while de novo review is given to the trial court's application of law to the search and
seizure. Carmouche, 10 S.W.3d at 327 (citing Guzman v. State, 955 S.W.2d 85,
88-89 (Tex. Crim. App. 1997). Where, as here, the trial court did not make explicit
findings of historical fact, we view the evidence in a light most favorable to the trial
court's ruling. Carmouche, 10 S.W.3d at 327-28.

 "The standard for measuring the scope of a suspect's consent under the Fourth
Amendment is that of 'objective' reasonableness, i.e., what the typical reasonable
person would have understood by the exchange between the officer and the suspect.'" 
State v. Garrett, 177 S.W.3d 652, 657 (Tex. App.--Houston [1st Dist] 2005, pet.
ref'd) (quoting Simpson v. State, 29 S.W.3d 324, 330 (Tex. App.--Houston [14th
Dist.] 2000, pet. ref'd)); see Florida v. Jimeno, 500 U.S. 248, 250-51, 111 S. Ct.
1801, 1803-04 (1991). The scope of a search is generally defined by its expressed
object, and a suspect may limit the scope of the search to which he consents. Garrett,
177 S.W.3d at 657; see Jimeno, 500 U.S. at 251, 111 S. Ct. at 1804. Finally, the State
has the burden of showing that the search was conducted within the scope of the
consent received. Malone v. State, 163 S.W.3d 785, 798 n.6 (Tex. App.--Texarkana
2005, pet. ref'd).

 Appellant contends that the written consent form "'authorized' a search of the
address location only, . . . which would not have covered a search of a detached
garage or tool shed in the absence of a consent to search 'the premises,' which would
include structures within the curtilage." He asserts in a footnote that the consent form
"only informs Appellant of his right not to have a search made of the premises as
opposed to authorizing a search of the premises. In any event, a motor vehicle is not
a structure." Appellant further asserts that if the police had intended to search
vehicles other than the truck identified by the consent form, "it would have been a
simple matter to hand-write 'and other vehicles'" next to the truck.

 The State responds that the evidence was within the scope of consent given by
appellant, and that the evidence was therefore properly seized. The State notes that
the consent to search included appellant's oral consent as well as the written form. 
The State asserts that the oral consent specifically mentioned the tan van that
contained the cocaine. Further, the State asserts that the black Ford truck was
specifically identified in the consent form because the truck had been seen coming
and going at the address during the police surveillance, and because the police were
concerned that the truck might not be on the property when they conducted their
search. The State contends that an ordinary reasonable person could conclude that
appellant consented to a search of everything at the address, including the parked
vehicles inside the fence.

 A valid consent to search may be oral. Montoya v. State, 744 S.W.2d 15, 25
(Tex. Crim. App. 1987), overruled on other grounds, Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996); see also Martinez v. State, 17 S.W.3d 677, 683 (Tex.
Crim. App. 2000) (holding that evidence of oral consent is sufficient to show consent
was voluntary), habeas corpus granted on other grounds, Martinez v. Dretke, not
reported in F.Supp.2d, no. Civ. A. G-02-718, 2006 WL 305666 (S.D. Tex. Feb. 07,
2006); Ramos v. State, 124 S.W.3d 326, 333 (Tex. App.--Fort Worth 2003, pet.
ref'd); Manzi v. State, 56 S.W.3d 710, 719 (Tex. App.--Houston [14th Dist.] 2001),
affirmed on other grounds, 88 S.W.3d 240 (Tex. Crim. App. 2002). Viewing the
evidence in a light most favorable to the trial court's ruling, see Carmouche, 10
S.W.3d at 328, we conclude that appellant and the police sergeant discussed the
search of the premises and that appellant orally consented to the search. The sergeant
stated that he specifically mentioned that the police intended to search the vehicles
within the property, including the target vehicle. The sergeant testified that he
informed appellant that the object of the police search was narcotics. The subsequent
written consent form allowed the police to do a "complete search" of the 718 1/2
W.11th address. Appellant was informed of his constitutional right to refuse consent
to the search. The sergeant testified that appellant observed the search of the property
and at no time during the search of the property and vehicles did he withdraw his
consent or place any limitations on the search. Appellant presented no evidence to
controvert the sergeant's testimony. 

 We conclude that appellant gave valid, oral consent for the search of the target
vehicle. We further conclude that the written consent does not expressly constrain
the oral consent already given. See Simpson, 29 S.W.3d at 330 ("Unless an officer's
request, or a suspect's consent, limits a search to a particular area of the vehicle, such
as the passenger compartment or trunk, we believe that a request for a search 'of the
car' reasonably includes all areas of the vehicle and excludes none."). Appellant
consented to a police search of the tan van that was ultimately found to contain the
cocaine, in addition to a search of the premises of the auto shop. At no point did he
retract that consent. We hold that the trial court did not abuse its discretion by
denying appellant's motion to suppress. We overrule appellant's sole point of error.


Conclusion

 We affirm the judgment of the trial court.




 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.

Publish. Tex. R. App. P. 47.2(b).
1. The interpreter testified that word "cateo" in the Spanish version of the form could
be translated to mean either "seizure" or "search."