COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| HENRY LEE DONALDSON, | | No. 08-08-00025-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 422nd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Kaufman County, Texas |
| | § | |
| Appellee. | | (TC# 24733-422) |
| | § | |
| | § | |

**O P I N I O N**

Henry Lee Donaldson appeals his conviction for possession of marijuana, greater than fifty but less than two thousand pounds. The judgment contains an affirmative deadly-weapon finding. Appellant was sentenced to 10 years' imprisonment and fined $3,000. On appeal, Appellant challenges the trial court's denial of his motion to suppress and the legal sufficiency of the evidence supporting the deadly weapon finding. Affirmed.

Texas State Trooper Kevin Pederson was working at a commercial vehicle inspection station on East-Bound Interstate 20 when Appellant arrived at the weigh station in his tractor-trailer. As Appellant moved the truck onto the scales, the officer noted Appellant's truck was overweight and was missing a few exterior lights. Based on these safety violations, the trooper asked Appellant to pull the truck off the scales and into another area for further inspection. Appellant complied.

According to Trooper Pederson as he walked around Appellant's truck checking signal

lights and other equipment, Appellant had trouble following his instructions and seemed nervous or preoccupied. Once Trooper Pederson completed the exterior inspection, he asked Appellant if he could inspect the truck's cab and search for prohibited items, such as alcoholic beverages, radar detectors, and prescription and non-prescription medication. He also asked Appellant if there were any weapons in the cab. Appellant denied there were any weapons in the truck and told the trooper he could search the cab.

In the first area he searched, near the driver's seat, Trooper Pederson found a black toiletry bag containing a .380 semi-automatic pistol. The gun was not loaded, but the officer noticed two magazines of ammunition within easy reach of the weapon. As Trooper Pederson was locating the gun, Appellant continued to behave nervously and attempted to climb up toward the driver's side of the cab, behind the officer. Once Appellant was back outside the truck, the officer moved into the sleeper berth behind the seats. As part of the safety inspection, the officer is required to check for restraints in the sleeper area. In the sleeper berth, the officer found a black garbage bag, which he testified did not feel like it contained garbage, laundry, or other personal items when he felt it. When he looked inside the bag, the officer saw a bundle wrapped in duct tape. The officer testified that based on his training and experience, he believed the bag contained either marijuana or cocaine. At that point, Trooper Pederson exited the truck and placed Appellant under arrest and turned the investigation over to a narcotics officer, Sergeant Maury Buford. A further search of the truck yielded five large garbage bags of marijuana containing approximately one hundred seventy-five pounds of the drug.

Appellant was charged and convicted of possession of marijuana, more than fifty pounds and less than two thousand pounds. The indictment also specified that a firearm was used or

exhibited during the commission of the offense. The jury convicted Appellant and found that he used a deadly weapon during the offense.

In Issue One, Appellant argues the trial court abused its discretion by denying his motion to suppress the marijuana. We apply a bifurcated standard of review to determine whether an abuse of discretion has occurred by the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). While almost total deference will be given to the trial court's determination of historical facts, the court's application of the law to those facts is subject to *de novo* review. *Id*. The trial court is the sole trier of fact in the motion to suppress context. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Accordingly, the trial court may choose to believe all or any part of a witness's testimony. *See id*. When, as in this case, we do not have the benefit of the trial court's findings of fact with regard to the motion to suppress, "we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Id*. The court's ruling will be upheld on any theory of law applicable to the case. *Id*. at 855-56.

The accused bears the initial burden to rebut the presumption that police conduct was lawful. *McGee v. State*, 105 S.W.3d 609, 613 (Tex.Crim.App. 2003). This burden is satisfied by a demonstration that the search or seizure occurred without a warrant. *McGee*, 105 S.W.3d at 613. The burden then shifts to the State to produce a warrant, or to prove the reasonableness of the conduct at issue. *Id*. If the State conducted a search without a warrant, the State's burden includes establishing the search was reasonable by way of a few specifically defined and well established exceptions. *See id*. at 615. Among these exceptions are an accused's consent to

search, exigent circumstances, and search incident to arrest. *Id*.

In this case, the State argued in part, that the search was conducted pursuant to Appellant's consent and was therefore reasonable. Appellant argues initially that his testimony during the suppression hearing demonstrated he did not consent to the search. However, implicit in the trial court's ruling is a finding that Appellant was asked to consent to a search by Officer Pederson, and that Appellant did provide such consent. *See Ross*, 32 S.W.3d at 855-56. Because this finding is supported in the record by the officer's testimony, we must defer to the trial court's implicit finding. *Id*.

Appellant then argues that the search of his sleeper compartment exceeded the scope of his consent. The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness, *i.e.*, what the typical reasonable person could have understood by the exchange between the officer and the suspect. *Simpson v. State*, 29 S.W.3d 324, 330 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd). The scope of the search is generally defined by its expressed object, and a suspect may limit the scope of the search if he chooses to do so. *Id*. Absent an officer's request or a suspect's consent limiting a search to a particular area of a vehicle, a request to search the vehicle reasonably includes all areas of the vehicle. *State v. Garrett*, 177 S.W.3d 652, 657 (Tex.App.--Houston [1st Dist.] 2005, pet. ref'd). When an officer asks a suspect for permission to search a vehicle for illegal contraband, and the suspect agrees, a reasonable person would construe the consent to extend to any area of the vehicle where such objects could be concealed. *Garrett*, 177 S.W.3d at 657-58.

According to Trooper Pederson's testimony, he asked to search the interior of the cab of Appellant's truck for safety violations as well as several specific items. There is no evidence that

Appellant attempted to limit the scope of the search or revoke his consent. Because any of the items Trooper Pederson identified, *i.e.*, radar detectors, alcohol, or drugs could have been concealed in the toiletry bag or in the cab's sleeper berth, a reasonable officer would have construed Appellant's consent to extend to those areas. *See id*. at 658. Viewing the evidence in the light most favorable to the court's ruling, the search did not exceed the scope of Appellant's consent. Because the trial court's decision to deny Appellant's motion to suppress is supported by evidence of consent, the court did not abuse its discretion. *See Ross*, 32 S.W.3d at 855-56. Having determined the ruling is supported by the consent theory, there is no need to address Appellant's other arguments. Issue One is overruled.

In Issue Two, Appellant contends the evidence is legally insufficient to support the jury's finding that Appellant used a deadly weapon. In a legal sufficiency review, we must consider all of the evidence in a light most favorable to the verdict, and determine whether a reasonable minded juror could have found the essential elements of the charged crime were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560, 573 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must defer to "'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper*, 214 S.W.3d at 13.

To hold evidence legally sufficient to sustain a deadly-weapon finding, the record must demonstrate that: (1) the object meets the definition of a deadly weapon as defined by the Penal Code; (2) the weapon was used or exhibited during the transaction from which the felony conviction was obtained; and (3) other people were put in actual danger. *Drichas v. State*, 175

S.W.3d 795, 798 (Tex.Crim.App. 2005); *Sanchez v. State*, 243 S.W.3d 57, 72 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd). A defendant uses a deadly weapon for purposes of this finding, by employing it in order to achieve a purpose. *See Patterson v. State*, 769 S.W.2d 938, 942 (Tex.Crim.App. 1989). While a firearm can certainly be used by wielding it, it may also be utilized by mere possession, if the possession facilitates the felony. *Id.*

In this instance, Appellant argues there is no evidence to demonstrate he used the weapon during the commission of the offense and no evidence that any person was put in actual danger by the unloaded weapon. We disagree. Trooper Pederson testified that the gun was concealed, in close proximity to the driver's seat, that the ammunition was close by, and that the gun's safety switch was off. The trooper also testified that it would have been very easy to get the gun ready to shoot. Sergeant Burford testified that based on the amount and potential street value of the marijuana, the transporter would be likely to carry a weapon to protect the contraband from competing dealers. The sergeant also noted that drug deals often turn violent, and weapons are involved. Viewing the evidence in a light most favorable to the verdict, we conclude it was reasonable for the jury to determine that Appellant was in possession of the weapon to protect the marijuana he was transporting. *See Coleman v. State*, 145 S.W.3d 649, 655 (Tex.Crim.App. 2004); *Hicks v. State*, 255 S.W.3d 351, 355 (Tex.App.--Texarkana 2008, no pet.), *citing Patterson*, 769 S.W.2d at 942. Accordingly, we overrule Issue Two.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.


November 24, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)