COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS







HENRY LEE DONALDSON,



 Appellant,



V.



THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 §


 §


No. 08-08-00025-CR




Appeal from the



422nd District Court



of Kaufman County, Texas 



(TC# 24733-422) 



O P I N I O N

 Henry Lee Donaldson appeals his conviction for possession of marijuana, greater than
fifty but less than two thousand pounds. The judgment contains an affirmative deadly-weapon
finding. Appellant was sentenced to 10 years' imprisonment and fined $3,000. On appeal,
Appellant challenges the trial court's denial of his motion to suppress and the legal sufficiency of
the evidence supporting the deadly weapon finding. Affirmed.

 Texas State Trooper Kevin Pederson was working at a commercial vehicle inspection
station on East-Bound Interstate 20 when Appellant arrived at the weigh station in his tractor-trailer. As Appellant moved the truck onto the scales, the officer noted Appellant's truck was
overweight and was missing a few exterior lights. Based on these safety violations, the trooper
asked Appellant to pull the truck off the scales and into another area for further inspection. 
Appellant complied. 

 According to Trooper Pederson as he walked around Appellant's truck checking signal
lights and other equipment, Appellant had trouble following his instructions and seemed nervous
or preoccupied. Once Trooper Pederson completed the exterior inspection, he asked Appellant if
he could inspect the truck's cab and search for prohibited items, such as alcoholic beverages,
radar detectors, and prescription and non-prescription medication. He also asked Appellant if
there were any weapons in the cab. Appellant denied there were any weapons in the truck and
told the trooper he could search the cab.

 In the first area he searched, near the driver's seat, Trooper Pederson found a black
toiletry bag containing a .380 semi-automatic pistol. The gun was not loaded, but the officer
noticed two magazines of ammunition within easy reach of the weapon. As Trooper Pederson
was locating the gun, Appellant continued to behave nervously and attempted to climb up toward
the driver's side of the cab, behind the officer. Once Appellant was back outside the truck, the
officer moved into the sleeper berth behind the seats. As part of the safety inspection, the officer
is required to check for restraints in the sleeper area. In the sleeper berth, the officer found a
black garbage bag, which he testified did not feel like it contained garbage, laundry, or other
personal items when he felt it. When he looked inside the bag, the officer saw a bundle wrapped
in duct tape. The officer testified that based on his training and experience, he believed the bag
contained either marijuana or cocaine. At that point, Trooper Pederson exited the truck and
placed Appellant under arrest and turned the investigation over to a narcotics officer, Sergeant
Maury Buford. A further search of the truck yielded five large garbage bags of marijuana
containing approximately one hundred seventy-five pounds of the drug.

 Appellant was charged and convicted of possession of marijuana, more than fifty pounds
and less than two thousand pounds. The indictment also specified that a firearm was used or
exhibited during the commission of the offense. The jury convicted Appellant and found that he
used a deadly weapon during the offense.

 In Issue One, Appellant argues the trial court abused its discretion by denying his motion
to suppress the marijuana. We apply a bifurcated standard of review to determine whether an
abuse of discretion has occurred by the trial court's ruling. Carmouche v. State, 10 S.W.3d 323,
327 (Tex.Crim.App. 2000). While almost total deference will be given to the trial court's
determination of historical facts, the court's application of the law to those facts is subject to de
novo review. Id. The trial court is the sole trier of fact in the motion to suppress context. See
State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Accordingly, the trial court may
choose to believe all or any part of a witness's testimony. See id. When, as in this case, we do
not have the benefit of the trial court's findings of fact with regard to the motion to suppress, "we
view the evidence in the light most favorable to the trial court's ruling and assume that the trial
court made implicit findings of fact that support its ruling as long as those findings are supported
by the record." Id. The court's ruling will be upheld on any theory of law applicable to the case. 
Id. at 855-56. 

 The accused bears the initial burden to rebut the presumption that police conduct was
lawful. McGee v. State, 105 S.W.3d 609, 613 (Tex.Crim.App. 2003). This burden is satisfied by
a demonstration that the search or seizure occurred without a warrant. McGee, 105 S.W.3d at
613. The burden then shifts to the State to produce a warrant, or to prove the reasonableness of
the conduct at issue. Id. If the State conducted a search without a warrant, the State's burden
includes establishing the search was reasonable by way of a few specifically defined and well
established exceptions. See id. at 615. Among these exceptions are an accused's consent to
search, exigent circumstances, and search incident to arrest. Id.

 In this case, the State argued in part, that the search was conducted pursuant to
Appellant's consent and was therefore reasonable. Appellant argues initially that his testimony
during the suppression hearing demonstrated he did not consent to the search. However, implicit
in the trial court's ruling is a finding that Appellant was asked to consent to a search by Officer
Pederson, and that Appellant did provide such consent. See Ross, 32 S.W.3d at 855-56. Because
this finding is supported in the record by the officer's testimony, we must defer to the trial court's
implicit finding. Id.

 Appellant then argues that the search of his sleeper compartment exceeded the scope of
his consent. The standard for measuring the scope of a suspect's consent under the Fourth
Amendment is that of "objective" reasonableness, i.e., what the typical reasonable person could
have understood by the exchange between the officer and the suspect. Simpson v. State, 29
S.W.3d 324, 330 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd). The scope of the search is
generally defined by its expressed object, and a suspect may limit the scope of the search if he
chooses to do so. Id. Absent an officer's request or a suspect's consent limiting a search to a
particular area of a vehicle, a request to search the vehicle reasonably includes all areas of the
vehicle. State v. Garrett, 177 S.W.3d 652, 657 (Tex.App.--Houston [1st Dist.] 2005, pet. ref'd). 
When an officer asks a suspect for permission to search a vehicle for illegal contraband, and the
suspect agrees, a reasonable person would construe the consent to extend to any area of the
vehicle where such objects could be concealed. Garrett, 177 S.W.3d at 657-58.

 According to Trooper Pederson's testimony, he asked to search the interior of the cab of
Appellant's truck for safety violations as well as several specific items. There is no evidence that
Appellant attempted to limit the scope of the search or revoke his consent. Because any of the
items Trooper Pederson identified, i.e., radar detectors, alcohol, or drugs could have been
concealed in the toiletry bag or in the cab's sleeper berth, a reasonable officer would have
construed Appellant's consent to extend to those areas. See id. at 658. Viewing the evidence in
the light most favorable to the court's ruling, the search did not exceed the scope of Appellant's
consent. Because the trial court's decision to deny Appellant's motion to suppress is supported
by evidence of consent, the court did not abuse its discretion. See Ross, 32 S.W.3d at 855-56. 
Having determined the ruling is supported by the consent theory, there is no need to address
Appellant's other arguments. Issue One is overruled.

 In Issue Two, Appellant contends the evidence is legally insufficient to support the jury's
finding that Appellant used a deadly weapon. In a legal sufficiency review, we must consider all
of the evidence in a light most favorable to the verdict, and determine whether a reasonable
minded juror could have found the essential elements of the charged crime were proven beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61
L.Ed.2d 560, 573 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must
defer to "'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Hooper, 214
S.W.3d at 13.

 To hold evidence legally sufficient to sustain a deadly-weapon finding, the record must
demonstrate that: (1) the object meets the definition of a deadly weapon as defined by the Penal
Code; (2) the weapon was used or exhibited during the transaction from which the felony
conviction was obtained; and (3) other people were put in actual danger. Drichas v. State, 175
S.W.3d 795, 798 (Tex.Crim.App. 2005); Sanchez v. State, 243 S.W.3d 57, 72 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd). A defendant uses a deadly weapon for purposes of this
finding, by employing it in order to achieve a purpose. See Patterson v. State, 769 S.W.2d 938,
942 (Tex.Crim.App. 1989). While a firearm can certainly be used by wielding it, it may also be
utilized by mere possession, if the possession facilitates the felony. Id.

 In this instance, Appellant argues there is no evidence to demonstrate he used the weapon
during the commission of the offense and no evidence that any person was put in actual danger
by the unloaded weapon. We disagree. Trooper Pederson testified that the gun was concealed,
in close proximity to the driver's seat, that the ammunition was close by, and that the gun's
safety switch was off. The trooper also testified that it would have been very easy to get the gun
ready to shoot. Sergeant Burford testified that based on the amount and potential street value of
the marijuana, the transporter would be likely to carry a weapon to protect the contraband from
competing dealers. The sergeant also noted that drug deals often turn violent, and weapons are
involved. Viewing the evidence in a light most favorable to the verdict, we conclude it was
reasonable for the jury to determine that Appellant was in possession of the weapon to protect the
marijuana he was transporting. See Coleman v. State, 145 S.W.3d 649, 655 (Tex.Crim.App.
2004); Hicks v. State, 255 S.W.3d 351, 355 (Tex.App.--Texarkana 2008, no pet.), citing
Patterson, 769 S.W.2d at 942. Accordingly, we overrule Issue Two.

 Having overruled both of Appellant's issues, we affirm the trial court's judgment. 


November 24, 2009

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)