

# IN THE
# TENTH COURT OF APPEALS

No. 10-12-00040-CV

**$5,000 IN U.S. CURRENCY AND CHRIS A. ANDERSON,**

**Appellants**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 81438**

## MEMORANDUM OPINION

Chris Anderson appeals from a default judgment that granted the forfeiture of $5,000 to the State of Texas. *See* TEX. CODE CRIM. PROC. ANN. Ch. 59 (West 2006). Anderson complains that the trial court erred by granting the forfeiture, abused its discretion by allowing evidence to be admitted that was found by an unlawful search and seizure, and abused its discretion by not granting a continuance or allowing Anderson to appear by telephone. Because we find no reversible error, we affirm the judgment of the trial court.

Anderson was served with the petition seeking forfeiture of $5,000 that was seized during a traffic stop in Ellis County, Texas. Anderson filed an answer with the trial court but did not appear for trial. After a bench trial, the trial court granted the State's petition and forfeited the $5,000 in question to the State.

Anderson has set forth six issues in his *pro se* brief; however, he did not provide any argument or authorities to support issue four relating to whether the forfeiture was lawful in the absence of evidence of drugs, drug paraphernalia, or a confession. Anderson also did not provide any argument or authorities to support issue five relating to whether law enforcement officers can search a closed container without a warrant or consent. Anderson relies on his other issues to provide the argument for issues four and five but does not address them further. We will overrule issues four and five because they were inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

### *Sufficiency of the Evidence*

Although it is unclear from his brief, we will construe Anderson's first and second issues to be complaints of the sufficiency of the evidence to support the forfeiture. The State has addressed both legal and factual sufficiency in its brief; therefore, we will analyze the record under both standards as well.

### *Standard of Review*

Under civil preponderance-of-the-evidence standards, evidence is legally insufficient only when (a) there is a complete absence of evidence of a vital fact, (b) the

court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998). The final test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827. In making this determination, we credit favorable evidence if a reasonable fact-finder could credit it, and disregard contrary evidence unless a reasonable fact-finder could not disregard it. *Id*. So long as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the fact-finder. *Wilson*, 168 S.W.3d at 822. The trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819. Although we consider the evidence in a light most favorable to the challenged findings, indulging every reasonable inference that supports them, we may not disregard evidence that allows only one inference. *Id*. at 822.

When considering a factual sufficiency challenge, we must consider and weigh all of the evidence, not just that evidence which supports the verdict. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). We must take into account and weigh all of the evidence and may set aside a verdict on the basis of factual insufficiency only if the evidence is so weak or if the finding is so against the great weight and

preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam) (*citing Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)).

"Contraband" is property of any nature used in the commission of various enumerated crimes, including any felony under Chapter 481 of the Texas Health and Safety Code (the Texas Controlled Substances Act) or Chapter 34 of the Penal Code (Money Laundering). TEX. CODE CRIM. PROC. ANN. art. 59.01(2). Contraband is subject to seizure and forfeiture by the State. TEX. CODE CRIM. PROC. ANN. arts. 59.02(a), 59.03(a)—(b). Civil rules of pleading apply in forfeiture proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 59.05(a). Forfeiture proceedings are tried in the same manner as other civil cases, and the State has the burden to prove by a preponderance of the evidence that the property in question is subject to forfeiture. TEX. CODE CRIM. PROC. ANN. art. 59.05(b). The State also has the burden to show probable cause existed for seizure of the property. *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987) (*citing* Tex. Const. art. I, § 9). Probable cause, in the context of civil forfeiture, is "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *Id.* (*quoting United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981)). However, the State does not have to prove that a specific crime was committed. *Spurs v. State*, 850 S.W.2d 611,

613 (Tex. App.—Tyler 1993, writ denied); *$ 162,950 in Currency of the United States*, 911 S.W.2d at 529.

*Facts*

Anderson was stopped because he was driving a vehicle that had a defective license plate light at approximately 4:40 a.m. Sandra Borst was the owner of the vehicle and was a passenger in the vehicle. At the scene, Anderson told the officer that they were driving from Kansas City to Houston to visit family and friends; however, they did not have luggage in the vehicle with them. Borst told the officer that they were traveling to Dallas, although they were south of Dallas at that time.

Borst consented to a search of the vehicle. Anderson denied having substantial sums of money in the car. The officer found three "novelty containers" in the car, or containers that were labeled as cans of Barbasol shaving cream, Reddi Whip Whipped Cream, and Planter's Peanuts. The containers had removable bottoms which could be used to conceal or store small items. According to the officer's testimony, the containers were of a type commonly used by drug dealers to secrete money or drugs. The peanut container had $5,000 in it. The container was placed in an officer's vehicle. Another officer testified that the area where Anderson was stopped is known for high drug trafficking activity.

A drug dog was brought to the scene who alerted to the vehicle and the trunk. The officers found a pipe under the passenger seat that had cocaine residue in it. No

other illegal drugs or paraphernalia were found in the vehicle. Later at the DPS office, the dog aggressively alerted to the container containing the currency after the three containers were set out on the floor, which demonstrated that the dog smelled the odor of an illegal narcotic.

A criminal history check showed that Anderson had been convicted for possession with intent to distribute crack cocaine and his supervised release was revoked for engaging in unlawful drug activity.

Later at the DPS office, Anderson claimed that he was traveling to Houston from Kansas to purchase some used cars. However, when asked about where he was planning to purchase the vehicles and how he intended to transport them back to Kansas, Anderson told the interrogating officer that he had not thought about those issues. Anderson further told the officer that he had check stubs that would show the ownership of the $5,000; however, the officer testified that the stubs and the documentation later provided by Anderson in his discovery responses did not explain why he had $5,000 in his possession. Anderson had claimed that he paid his bills with a check card through his bank.

Using the appropriate standards in our review of the record and the arguments advanced by the parties, we find that the evidence was legally and factually sufficient to support the judgment of forfeiture. We overrule issues one and two.

*Unlawful Search and Seizure*

In his third issue, Anderson complains that the container in which the $5,000 in question was found was found as a result of an unlawful search and seizure. The State argues, and Anderson does not dispute that Borst gave the officer consent to search the vehicle.

The standard for measuring the scope of consent under the Fourth Amendment is that of "objective" reasonableness, i.e., what the typical reasonable person would have understood by the exchange between the officer and the individual. *See Florida v. Jimeno*, 500 U.S. 248, 251, 111 S. Ct. 1801, 1804, 114 L. Ed. 2d 297 (1991); *State v. Garrett*, 177 S.W.3d 652, 657 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

"Absent an officer's request or a suspect's consent limiting a search to a particular area of a vehicle, such as the trunk or passenger compartment, a request to search 'the car' reasonably includes all areas of the vehicle and excludes none." *Montanez v. State*, 211 S.W.3d 412, 416 (Tex. App.—Waco 2006, no pet.) (*quoting Garrett*, 177 S.W.3d at 657-58). "It is objectively reasonable that an unlimited consent to search a vehicle will extend to every part of the vehicle within which contraband may be hidden." *Id*.

When asked for permission to search the vehicle, Anderson deferred to Borst as the owner of the vehicle. Borst consented to the search of the vehicle without limitation. There was no evidence and Anderson does not contend that any objection was made by

Borst or himself refusing consent to search the containers. The search of the containers did not exceed the scope of the consent given. We overrule issue three.

*Failure to Appear*

In his sixth issue, Anderson complains that the trial court abused its discretion by proceeding in his absence, and that error constituted a due process violation. However, Anderson has not directed us to any place in the record where he requested a bench warrant in order to allow him to personally appear at trial; thus, he has failed to preserve his contention that the trial court should have allowed him to appear personally at the trial. *See* TEX R. APP. P. 33.1(a). *See also In re M.M.*, 980 S.W.2d 699, 701-02 (Tex. App.—San Antonio 1998, no pet.); *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.); *Conely v. Peck*, 929 S.W.2d 630, 633 (Tex. App.—Austin 1996, no writ). Further, he has not shown that he requested to appear by any alternative means. Anderson does not complain that he did not have notice of the hearing. Anderson has not preserved this issue for our review. TEX. R. APP. P. 33.1(a). We overrule issue six.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 29, 2013
[CV06]