**Pablo Alderetti VELEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–00658–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 8, 2007.

Discretionary Review Refused Sept. 12, 2007.

Ken J. McLean, Houston, TX, for Appellant.

Donald W. Rogers Jr., Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices TAFT, ALCALA, and HANKS.

## OPINION

ELSA ALCALA, Justice.

Appellant, Pablo Alderetti Velez, appeals a judgment that convicted him of the offense of possession of cocaine weighing at least 400 grams with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102 (Vernon Supp.2006), 481.112 (Vernon 2003). After his motion to suppress was denied, appellant pleaded not guilty. The trial court found him guilty and sentenced him to 20 years in prison and a $5,000 fine. In his sole issue on appeal, appellant contends that the trial court erred by denying his motion to suppress because the police search of a vehicle parked on the premises of appellant's business exceeded the scope of appellant's written consent. The State responds that appellant lacked standing to challenge the search of the vehicle and that the search was within the scope of appellant's consent. We conclude that appellant has standing in this appeal, because the State expressly stipulated to standing before the trial court. We further conclude that appellant verbally consented to the search of the vehicle that contained the cocaine, and therefore the trial court did not err in denying appellant's motion to suppress. We affirm.

## Background

On January 7, 2004, a sergeant with the Narcotics Division of the Houston Police Department set up surveillance of an auto mechanic shop owned by appellant located at 718 1/2 West 11th Street after the police received information from a source stating that someone who drove a black truck and owned a mechanic shop was trafficking cocaine at that address. Appellant was observed operating a black truck out of the mechanic shop in the course of the surveillance.

Two days later, the officers observed appellant take an item wrapped in a brown plastic bag to a tan van with Indiana license plates that was located inside the chain-linked fence surrounding the mechanic shop property. The officers approached appellant to discuss the narcotics investigation with him. The sergeant identified himself to appellant as an officer with the Narcotics Division who was conducting an investigation. Appellant stated that he had limited understanding of English and was more comfortable speaking in Spanish. The sergeant, a certified Spanish-speaking officer, conducted the subsequent discussion in Spanish.

The sergeant asked appellant for permission to search the property. When verbally requesting consent, the sergeant "specifically addressed the shop itself and the vehicles that were parked outside, including the two vans." The sergeant asked appellant to whom the vans belonged and appellant denied knowing anything about the vans, stating that he had never touched them and didn't know who owned them. Appellant denied any knowledge of narcotics activities, but admitted to owning the black truck.

Appellant verbally consented to the search, placing no limitations on where or what on the property could be searched. Appellant was then presented with a written consent-to-search form in Spanish. Appellant said that he could read, looked over the form, said that he understood it, and signed the written consent.

An interpreter for the district court testified that the Spanish consent to search form signed by appellant, when translated to English, was entitled "Voluntary Consent for Seizure" and was dated January 9, 2004, with a time of 6:45 p.m. The consent states,

> I, [appellant], have been informed by the officer of my constitutional right not to carry out a seizure in the establishment/vehicle without reference or mention of an order of search and of my right to consent voluntarily to said seizure through this I authorize . . ., police of Houston, to conduct a complete seizure [1] of 718½ W. 11th and black CC Ford truck located in Houston, County of Harris, Texas. The officers are authorized by me to confiscate any and all letters, papers, materials, and other property that they wish. This consent has been delivered to the following police freely and voluntarily and without any threat or promise of any kind and is given freely with my consent.

The sergeant testified that the black Ford truck was specifically mentioned in the written consent form because it was mobile and frequently left the shop during the surveillance. Further, the sergeant explained that the tan van was not specifically mentioned in the form because he believed that vehicles at the shop were part of the curtilage of the property. The sergeant testified that the written consent was obtained to substantiate the verbal consent to search previously given by the appellant.

Appellant and the sergeant observed as other officers conducted the search. Officers conducting the search of the property recovered the brown bag, which contained approximately one kilogram of cocaine, from inside the tan van that was inside the fence surrounding appellant's business.

After his arrest, appellant moved to suppress the cocaine recovered from the tan van on the grounds that the consent was "involuntary" and "not broad enough to encompass any other vehicle not named." The State and appellant each filed memoranda of law on the issue of whether the consent included the search of the vehicle where the narcotics were seized. The trial court held a hearing regarding the motion to suppress. At the hearing, the prosecuting attorney stated, "for the purposes of this hearing and for the record, I will stipulate that the defendant does have standing. . . ." After evidence was presented, the trial court denied the motion to suppress. Appellant waived his right to a trial by jury. Appellant pleaded not guilty, but agreed to a stipulation of evidence that represented that "packaged substances recovered from my property on January 9, 2004," were cocaine weighing 998.2 grams, and that the packaged contained his fingerprint.

### Standing to Contest Search

■ As a preliminary matter, the State contends on appeal that appellant lacked standing to complain of the search of the target vehicle. The State asserts that despite the prosecutor's stipulation to the trial court that appellant had standing, the trial court could have properly rejected the stipulation, given the evidence presented at the motion to suppress hearing by the sergeant, who said appellant denied ownership or custody of the van.

■ The State may challenge a defendant's standing to contest a search for the first time on appeal. *Kothe v. State,* 152 S.W.3d 54, 60 (Tex.Crim.App.2004). Here,

---

1. The interpreter testified that word "cateo" in the Spanish version of the form could be translated to mean either "seizure" or "search."

the State did not challenge standing before the trial court, but instead stipulated that appellant had standing. Although the State did not challenge standing at the trial court, we address the State's appellate challenge to standing. *See id.*

The State contends that it should not be bound by its stipulation below. It asserts that the trial court was within its discretion to conclude that appellant lacked standing based on evidence presented at the suppression hearing. We disagree. At trial, the State stipulated that appellant had standing to contest the police search of the 718 1/2 West 11th Street property. We conclude that the State is bound by that stipulation. *See id.; see also Bryant v. State,* 187 S.W.3d 397, 400 (Tex.Crim. App.2005) ("[A] stipulation is a kind of judicial admission. . . . Judicial admissions . . . are formal concessions . . . or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."). In accordance with the State's stipulation, we hold that appellant had standing to contest the police search of his auto mechanic shop. *See Kothe,* 152 S.W.3d at 60.

### Scope of Consent

 In his sole issue on appeal, appellant contends that the trial court should have suppressed cocaine that the police recovered from a van on his property because the police search exceeded the scope of his consent. We review a trial court's ruling on a motion to suppress for abuse of discretion. *State v. Bagby,* 119 S.W.3d 446, 449 (Tex.App.-Tyler 2003, no pet.) (citing *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996) (en banc)); *Curry v. State,* 965 S.W.2d 32, 33 (Tex.App.-Houston [1st Dist.] 1998, no pet.). We apply a bifurcated standard of review when reviewing the trial court's ruling. *See Car-*

*mouche v. State,* 10 S.W.3d 323, 327 (Tex. Crim.App.2000); *Hernandez v. State,* 957 S.W.2d 851, 852 (Tex.Crim.App.1998). "Almost total deference" is given to a trial court's determination of facts, while de novo review is given to the trial court's application of law to the search and seizure. *Carmouche,* 10 S.W.3d at 327 (citing *Guzman v. State,* 955 S.W.2d 85, 88–89 (Tex.Crim.App.1997)). Where, as here, the trial court did not make explicit findings of historical fact, we view the evidence in a light most favorable to the trial court's ruling. *Carmouche,* 10 S.W.3d at 327–28.

██ █ "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness, i.e., what the typical reasonable person would have understood by the exchange between the officer and the suspect.'" *State v. Garrett,* 177 S.W.3d 652, 657 (Tex.App.-Houston [1st Dist] 2005, pet. ref'd) (quoting *Simpson v. State,* 29 S.W.3d 324, 330 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd)); *see Florida v. Jimeno,* 500 U.S. 248, 250–51, 111 S.Ct. 1801, 1803–04, 114 L.Ed.2d 297 (1991). The scope of a search is generally defined by its expressed object, and a suspect may limit the scope of the search to which he consents. *Garrett,* 177 S.W.3d at 657; *see Jimeno,* 500 U.S. at 251, 111 S.Ct. at 1804. Finally, the State has the burden of showing that the search was conducted within the scope of the consent received. *Malone v. State,* 163 S.W.3d 785, 798 n. 6 (Tex. App.-Texarkana 2005, pet. ref'd).

██ Appellant contends that the written consent form " 'authorized' a search of the address location *only, . . .* which would not have covered a search of a detached garage or tool shed in the absence of a consent to search 'the premises,' which would include structures within the curtilage." He asserts in a footnote that the consent form "only informs Appellant of

his right not to have a search made of the premises as opposed to authorizing a search of the premises. In any event, a motor vehicle is not a structure." Appellant further asserts that if the police had intended to search vehicles other than the truck identified by the consent form, "it would have been a simple matter to handwrite 'and other vehicles'" next to the truck.

The State responds that the evidence was within the scope of consent given by appellant, and that the evidence was therefore properly seized. The State notes that the consent to search included appellant's oral consent as well as the written form. The State asserts that the oral consent specifically mentioned the tan van that contained the cocaine. Further, the State asserts that the black Ford truck was specifically identified in the consent form because the truck had been seen coming and going at the address during the police surveillance, and because the police were concerned that the truck might not be on the property when they conducted their search. The State contends that an ordinary reasonable person could conclude that appellant consented to a search of everything at the address, including the parked vehicles inside the fence.

■ A valid consent to search may be oral. *Montoya v. State*, 744 S.W.2d 15, 25 (Tex.Crim.App.1987), *overruled on other grounds, Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996); *see also Martinez v. State*, 17 S.W.3d 677, 683 (Tex.Crim. App.2000) (holding that evidence of oral consent is sufficient to show consent was voluntary), *habeas corpus granted on other grounds, Martinez v. Dretke*, not reported in F.Supp.2d, No. Civ. A. G–02–718, 2006 WL 305666 (S.D.Tex. Feb.07, 2006); *Ramos v. State*, 124 S.W.3d 326, 333 (Tex. App.-Fort Worth 2003, pet. ref'd); *Manzi v. State*, 56 S.W.3d 710, 719 (Tex.App.-

Houston [14th Dist.] 2001), *affirmed on other grounds*, 88 S.W.3d 240 (Tex.Crim. App.2002). Viewing the evidence in a light most favorable to the trial court's ruling, *see Carmouche*, 10 S.W.3d at 328, we conclude that appellant and the police sergeant discussed the search of the premises and that appellant orally consented to the search. The sergeant stated that he specifically mentioned that the police intended to search the vehicles within the property, including the target vehicle. The sergeant testified that he informed appellant that the object of the police search was narcotics. The subsequent written consent form allowed the police to do a "complete search" of the 718 1/2 W. 11th address. Appellant was informed of his constitutional right to refuse consent to the search. The sergeant testified that appellant observed the search of the property and at no time during the search of the property and vehicles did he withdraw his consent or place any limitations on the search. Appellant presented no evidence to controvert the sergeant's testimony.

We conclude that appellant gave valid, oral consent for the search of the target vehicle. We further conclude that the written consent does not expressly constrain the oral consent already given. *See Simpson*, 29 S.W.3d at 330 ("Unless an officer's request, or a suspect's consent, limits a search to a particular area of the vehicle, such as the passenger compartment or trunk, we believe that a request for a search 'of the car' reasonably includes all areas of the vehicle and excludes none."). Appellant consented to a police search of the tan van that was ultimately found to contain the cocaine, in addition to a search of the premises of the auto shop. At no point did he retract that consent. We hold that the trial court did not abuse its discretion by denying appellant's mo-

tion to suppress. We overrule appellant's sole point of error.

### Conclusion

We affirm the judgment of the trial court.